Judgment rendered June 29, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,579-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BONNIE JANE NEAL,　　　　　　　　Plaintiff-Appellee
THROUGH HER AGENT
BETTY JEAN HENSHAW

versus

SHERAN SUE DREWERY　　　　　　　Defendant-Appellant
KING CASH

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Union, Louisiana
Trial Court No. 49,486

Honorable Jeffrey Levance Robinson, Judge

* * * * *

SMITH & NWOKORIE, LLC　　　　　　Counsel for Appellant
By: Brian G. Smith

ELLIS LAW FIRM OF NORTH　　　　　Counsel for Appellee
LOUISIANA
By: Phillip J. Ellis

* * * * *

Before PITMAN, COX, and HUNTER, JJ.

**COX, J.**

This case arises out of the Third Judicial District Court, Union Parish, Louisiana. Bonnie Neal filed a petition against Sheran Sue Drewery King Cash to enforce a judgment from justice of the peace court. The district court found in favor of Mrs. Neal and ordered Mrs. Cash to comply with the judgment. Mrs. Cash now appeals. For the reasons outlined below, we affirm the justice of the peace judgment and vacate the district court's enforcement of that judgment.

## FACTS

Danny Brewer gave a gun to his uncle, Author King. For purposes of this appeal, Author King had two children, Mrs. Neal and James King. Mrs. Neal gained possession of the gun after her father passed away. As he was dying, James King asked Mrs. Neal for their father's gun. Mrs. Neal then gave James King the gun, but it was her understanding that the gun would be returned to her when he died.[1] James King passed away and was survived by his wife, Mrs. Cash.[2] The gun was never returned to Mrs. Neal. Mrs. Neal filed a statement of claim in justice of the peace court against Mrs. Cash in order to have the gun returned.

On February 26, 2020, Mrs. Neal obtained a judgment against Mrs. Cash in the justice of the peace court for the gun or $1,000.

In June 2020, Mrs. Cash delivered a Ruger 10/22 to Mrs. Neal, but Mrs. Neal returned it because the gun sought is an M1 Carbine.

---

[1] Based on her attorney's arguments before the trial court, Mrs. Neal remained the owner of the gun but allowed her brother to hold on to it while he was on his deathbed.

[2] James King's date of death is not given, but the transcript reveals this dispute has been going on for over 10 years.

On July 29, 2020, after the gun was not delivered, Mrs. Neal, through her agent Mrs. Henshaw, filed a petition against Mrs. Cash requesting that Mrs. Cash comply with the justice of peace judgment by either producing the gun or $1,000. Mrs. Cash answered the petition and requested the matter be dismissed and she be awarded attorney fees.

On September 8, 2020, Mrs. Cash filed peremptory exceptions of no cause of action and no right of action. She asserted that she is in possession of a gun that was owned by a third party, Danny Brewer, who is now deceased.[3] She argued that the justice of the peace court lacked jurisdiction over the matter because it is a succession matter. Additionally, she asserted that Mrs. Neal has no right of action because she is not a succession representative. She noted that Mrs. Neal refused to accept the gun that was delivered to her.

Mrs. Neal opposed the exceptions and argued that she possesses a right of action because she is the plaintiff in the judgment from the justice of the peace; therefore, she is a member of the class that has a legal interest in the litigation. She argued that she has a cause of action because she has a valid judgment against Mrs. Cash. She then asserted that Mrs. Cash failed to have the justice of the peace judgment annulled and failed to appeal it. She argued that because James King was never the owner of the gun, it was not a succession matter.

A hearing was held on December 17, 2020. No testimony was heard in the case. Attorneys representing both parties argued their positions on the exceptions and the enforcement of the justice of the peace judgment. The

---

[3] Danny Brewer was Author King's nephew and gave the gun to him.

2

district court gave no opinion as to whether the justice of the peace had jurisdiction over the matter, but stated that this suit was for enforcement of the judgment. Based on the four corners of the justice of the peace judgment, the district court denied the exceptions and granted Mrs. Neal relief in accordance with the justice of the peace judgment.

On December 30, 2020, the district court signed the judgment denying the exceptions of no cause of action and no right of action. The district court found in favor of Mrs. Neal and ordered Mrs. Cash to pay her $1,000, all costs associated with the justice of the peace proceedings, and all district court costs. Mrs. Neal's request for attorney fees was denied. Mrs. Cash now appeals.

## DISCUSSION

Mrs. Cash argues that the district court erred in denying her exceptions of no cause of action and no right of action. She asserts that Mrs. Neal is required to file a succession proceeding to determine the ownership of the property and transfer assets to an heir. She argues that Mrs. Neal has no right of action before the filing of a succession or obtaining a judgment of possession. She also argues that a justice of the peace does not have jurisdiction over succession and probate matters; therefore, that judgment should be dismissed.

Mrs. Neal argues the district court's judgment should be affirmed. She asserts that she clearly possessed a cause of action on the face of the petition because she obtained a judgment from the justice of the peace; recorded the judgment in the Union Parish mortgage records; all delays to appeal had lapsed; attempts were made to satisfy the judgment; and she sought an order requiring Mrs. Cash to comply with the judgment. Mrs.

Neal argues that she had a right of action because she obtained a judgment from the justice of the peace in her favor and took the necessary steps to have the judgment enforced.

A justice of the peace court shall, within its territorial jurisdiction, have jurisdiction, concurrent with the parish or district court, over suits for the possession or ownership of movable property not exceeding five thousand dollars in value. La. C.C.P. art. 4912(A)(1). Appeals from a judgment rendered by a justice of the peace court or a clerk of court shall be taken to the parish court or, if there is no parish court, to the district court of the parish in which the justice of the peace court is situated. La. C.C.P. art. 4924(A). The appellant from a judgment rendered by a justice of the peace court shall file suit in the district court within fifteen days from the date of judgment or service of notice of judgment. La. C.C.P. art. 4925. A justice of the peace who renders a judgment shall retain original jurisdiction over that judgment, the enforcement, and collection of garnishments, judgment debtor examinations, and the issuance of any writ to enforce its judgment. La. R.S. 13:2586.

Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue, and are obligated to recognize any lack of jurisdiction if it exists. *Dobyns v. Univ. of Louisiana Sys.*, 2018-0811 (La. App. 1 Cir. 4/12/2019), 275 So. 3d 911, *writ denied*, 2019-00950 (La. 9/24/2019), 278 So. 3d 977.

Mrs. Neal brought her action in justice of the peace court for the possession and ownership of a movable, the gun, which was valued at less than $5,000. Mrs. Neal's action was brought against Mrs. Cash, individually, not against her brother's succession. Mrs. Neal did not claim

4

to be the owner of the gun because of her brother's death. Mrs. Neal asserted that she is and has been the owner of the gun that was in the possession of Mrs. Cash. This is not a succession matter. This falls squarely within the jurisdiction of the justice of the peace court.

Mrs. Neal filed her petition in district court to enforce the justice of the peace judgment. Both Mrs. Neal and Mrs. Cash had the right to appeal the judgment from the justice of the peace, but the justice of the peace retains jurisdiction over the enforcement and collection of the judgment. The district court, acting as an appellate court, could affirm or reverse the justice of the peace judgment, but it does not have jurisdiction to enforce the judgment.

All appeal delays have run on the justice of the peace judgment; therefore, the judgment is final. We affirm the district court insofar as it acknowledged the validity of the justice of the peace judgment. However, we vacate the district court's enforcement of the judgment as that function remains within the jurisdiction of the justice of the peace. Mrs. Neal's remedy for enforcement of the judgment lies with the justice of the peace.

Because the district court did not have jurisdiction over the enforcement of the judgment, we do not reach the issues of no right of action and no cause of action.

Mrs. Neal requests attorney fees and costs related to this frivolous appeal. She argues that Mrs. Cash has not shown that she seriously believes in the proposition of law that is being advanced because she never appealed the justice of the peace judgment. She states that Mrs. Cash has unduly delayed these proceedings for over three years. Mrs. Neal asserts that had

she not made a motion to dismiss the appeal for failure to pay the costs, Mrs. Cash would have never paid the costs and the appeal would still be pending.

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. La. C.C.P. art. 2164. This provision is penal in nature and is to be strictly construed. *Aymond v. Citizens Progressive Bank*, 52,623 (La. App. 2 Cir. 6/26/2019), 277 So. 3d 477, *writ denied*, 2019-1200 (La. 10/15/2019), 280 So. 3d 602; *Victus 1, Inc. v. Stocky's World Famous Pizza #14, Inc.*, 52,221 (La. App. 2 Cir. 9/26/2018), 256 So. 3d 1146. Damages for frivolous appeal are allowed only when it is obvious that the appeal was taken solely for delay, that the appeal fails to raise a serious legal question, or that counsel is not sincere in the view of the law he advocates, even though the court is of the opinion that such view is not meritorious. *Id.* The award of damages and attorney fees for a frivolous appeal are utilized to curtail the filing of appeals that are intended to delay litigation, harass another party, or those that have no reasonable basis in fact or law. *Id.* Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed. *Aymond v. Citizens Progressive Bank, supra.*

Although Mrs. Cash was unsuccessful in proving this was a succession matter, we cannot say that this appeal is frivolous. We deny Mrs. Neal's request for frivolous appeal damages.

**CONCLUSION**

For the reasons stated, the justice of the peace judgment is affirmed. The district court's enforcement of the judgment is vacated as jurisdiction to enforce remains with the justice of the peace. Mrs. Neal's request for frivolous appeal damages is denied. Costs associated with this appeal are cast on the appellant, Mrs. Cash. Further enforcement proceedings are remanded to the justice of the peace.

**AFFIRMED IN PART; VACATED IN PART.**